UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MONSERRATE LUNA,

                        Plaintiff,

  -against-

AMERICAN AIRLINES
LSG SKY CHEFS,

                      Defendants.
----------------------------------------------------------------------X

**ECF CASE**
**04 CV 01803 (VM) (MHD)**

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that defendant, AMERICAN AIRLINES, INC., by and through its attorneys, RUTHERFORD & CHRISTIE, LLP, hereby removes this action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1332.

1.     This action was commenced against AMERICAN AIRLINES, INC., in the Supreme Court of the State of New York, County of New York, by the filing of a Summons and Verified Complaint with the Clerk of the Court on or about February 5, 2004.

2.     Upon information and belief and pursuant to the averments in the Summons and Verified Complaint, plaintiff resides in Puerto Rico.

3.     At the time of service of the Summons and Verified Complaint, AMERICAN AIRLINES, INC. was and is incorporated under the laws of the State of Delaware, with its principal place of business in Texas.

4. Therefore, the action is between citizens of different states as defined by 28 U.S.C. § 1332(a)(1).

5. The Complaint seeks 15,000,000 dollars in damages for each cause of action for personal injury due to the alleged negligence of AMERICAN AIRLINES, INC.

6. This cause of action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332, in that the amount in controversy exceeds $75,000 exclusive of interest and costs, and that it is between citizens of different states. By virtue of 28 U.S.C. §1441(a), this cause of action is removable to this Court.

7. Defendant, AMERICAN AIRLINES, INC., was purportedly served with a copy of the initial pleading setting forth the claim upon which this action is based on or about February 5, 2004.

8. LSG SKY CHEFS, consents to removing this matter and joins in this Notice of Removal. Attached as Exhibit "A" is LSG SKY CHEFS Consent to Removal.

9. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after receipt by the defendant of a copy of the initial pleading.

10. Based upon the facts set forth above, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

11. Pursuant to 28 U.S.C. 1446(a), copies of the Summons and Verified Complaint and American Airlines' Verified Answer and Omnibus Discovery Demands, which constitute all process, pleadings or orders served or filed by the parties in the Supreme Court of the State of New York, are attached hereto as Exhibit "B" and made a part of this Notice by reference.

12. AMERICAN AIRLINES, INC. will pay all costs and disbursements by reason of this removal proceeding should it be determined that this case is not removable or is improperly removed.

13. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE**, and without waiver of any substantial or procedural defenses, AMERICAN AIRLINES, INC. requests that this Court assume jurisdiction over this action and make such further orders herein as may be required to properly determine its controversy.

Dated: New York, New York

March 5, 2004

         Respectfully submitted,

       **RUTHERFORD & CHRISTIE, LLP**

      By: _____
        Lewis R. Silverman (LS 9723)
        Tania M. Torno (TT 9994)
        Attorney for Defendant,
        AMERICAN AIRLINES, INC.
        300 East 42nd Street
        New York, New York 10017
        (212) 599-5799

TO: BHATIA & ASSOCIATES, P.C.
    Attorneys for Plaintiff
    38 West 32nd Street, #1511
    New York, New York 10001
    (212) 594-7980
    Attention: Satish K. Bhatia, Esq.